# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 12-754V
Filed: July 28, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| *The Estate of* EDUARDO ROSAS | * | UNPUBLISHED |
| Decedent, *by and Through* | * | |
| JENNY ROSAS, *as Personal* | * | |
| *Representative*, | * | |
| | * | |
| Petitioner, | * | Decision on Joint Stipulation; |
| v. | * | Transverse Myelitis ("TM"); Death; |
| | * | Influenza ("Flu") Vaccination |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Isaiah R. Kalinowski, Esq.*, Maglio Christopher and Toale, PA, Washington, DC, for petitioner.
*Ann D. Martin, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On November 5, 2012, Eduardo Rosas ("Mr. Rosas") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2]  On April 10, 2015, Jenny Rosas ("Ms. Rosas" or "petitioner") was substituted as legal representative for the estate of Mr. Rosas upon his death.  ECF No. 43.  Petitioner alleges that Mr. Rosas developed transverse myelitis and/or the significant aggravation of transverse myelitis as a result of receiving an influenza

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

vaccination on August 16, 2011.  Petitioner further alleges that Mr. Rosas' death was the sequalea of his alleged vaccine-related injury.  Respondent denies that the influenza vaccine caused petitioner's injury and/or death.  *See* Stipulation, ECF No. 82 at ¶¶ 1-6.

Nevertheless, the parties have agreed to settle the case.  On July 27, 2017, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms. Respondent agrees to issue the following payment:

**A lump sum of $150,000.00 in the form of a check payable to petitioner, Jenny Rosas, as Legal Representative of the Estate of Eduardo Rosas.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein.  The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                                              )
The Estate of EDUARDO ROSAS,                 )
Decedent, by and through JENNY ROSAS,    )
as Personal Representative,                        )
                                                              )
                        Petitioner,                      )          No. 12-754V
                                                              )          Special Master Roth
                                                              )          ECF
                                                              )
SECRETARY OF HEALTH                           )
AND HUMAN SERVICES,                          )
                                                              )
                        Respondent.                    )
_____)

<u>STIPULATION</u>

The parties hereby stipulate to the following matters:

1.  Eduardo Rosas ("Mr. Rosas") filed a petition for vaccine compensation under the

National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine

Program").  Ms. Jenny Rosas ("petitioner") was substituted as petitioner upon Mr. Rosas' death.

The petition seeks compensation for injuries allegedly related to Mr. Rosas' receipt of the

influenza vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R.

§ 100.3(a).

2.  Mr. Rosas received an influenza immunization on August 16, 2011.

3.  The vaccine was administered within the United States.

4.  Petitioner alleges that the influenza vaccine caused Mr. Rosas to suffer transverse

myelitis and/or the significant aggravation of transverse myelitis and that Mr. Rosas experienced

the residual effects of this condition for more than six months.  Mr. Rosas died on August 3,

2013.  Petitioner further alleges that Mr. Rosas' death was the sequela of his alleged vaccine-related injury.

5.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Rosas as a result of his alleged vaccine-related injury or his death.

6.  Respondent denies that Mr. Rosas suffered transverse myelitis, the significant aggravation of transverse myelitis, or any other injury as a result of his influenza vaccine, and denies that Mr. Rosas' death was the result of a vaccine-related injury.

7.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $150,000.00 in the form of a check payable to petitioner as Legal Representative of the Estate of Eduardo Rosas.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.   Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11.   Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of Mr. Rosas' estate under the laws of the Commonwealth of Pennsylvania.  No payment pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of Mr. Rosas' estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the estate of Mr. Rosas at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the estate of Mr. Rosas upon submission of written documentation of such appointment to the Secretary.

12.   In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as legal representative of Mr. Rosas' estate, on her own behalf and on behalf of the estate and Mr. Rosas' heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Rosas resulting from, or alleged to have resulted from, the influenza vaccination administered on August 16, 2011, as

3

alleged by petitioner in a petition for vaccine compensation filed on or about November 5, 2012, and amended on or about January 29, 2016, in the United States Court of Federal Claims as petition No. 12-754V.

13.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

15.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused Mr. Rosas to suffer transverse myelitis, the significant aggravation of transverse myelitis, or any other injury, or caused his death.

16.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of Mr. Rosas' estate.

END OF STIPULATION

4

Respectfully submitted,

PETITIONER:

_Jenny Rosas_
JENNY ROSAS

ATTORNEY OF RECORD FOR
PETITIONER:

ISAIAH KALINOWSKI, ESQ.
MAGLIO CHRISTOPHER & TOALE, P.A.
1775 Pennsylvania Ave., NW, Suite 225
Washington, DC 20006
Tel:  (941) 952-5242

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

ANN D. MARTIN
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 307-1815

Dated: July 27, 2017

5